UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

WILLIAM JOSEPH TURNER,

        Petitioner,

        Case No. 1:24-cv-381

v.

        Honorable Paul L. Maloney

BRYAN MORRISON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies. The Court will also deny Petitioner's motion (ECF No. 3) to stay these proceedings.

**Discussion**

I. **Factual Allegations**

Petitioner William Joseph Turner is incarcerated by the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Following a jury trial in the Genesee County Circuit Court, Petitioner was convicted of one count of first-degree premeditated murder, in violation of Mich. Comp. Laws § 750.316(1)(a); one count of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2); one count of resisting or obstructing a police officer, in violation of Mich. Comp. Laws § 750.81d(1); one count of breaking and entering, in violation of Mich. Comp. Laws § 750.115(a); and one count of assault and battery, in violation of Mich. Comp. Laws § 750.81(1). *See People v. Turner*, Nos. 355482, 355497, 2022 WL 4587512, at *1 (Mich. Ct. App. Sept. 29, 2022).[1] The trial court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to an aggregate sentence of life without parole for the murder conviction, 320 to 600 months' imprisonment for the home invasion conviction, 120 to 180 months' imprisonment for the resisting or obstructing conviction, 90 days' imprisonment for the breaking and entering conviction, and 93 days' imprisonment for the assault and battery conviction.[2] *See id.*

Petitioner appealed to the Michigan Court of Appeals, raising the following claims for relief: (1) ineffective assistance of counsel; (2) the trial court erred in denying his motion to suppress his statement and evidence seized based upon alleged violations of *Miranda v. Arizona*,

---

[1] Petitioner was charged in two separate dockets. The first-degree murder and home invasion convictions were charged together, and the second docket consisted of the other charges. *See Turner*, 2022 WL 4587512, at *1. However, Petitioner's charges were "jointly tried before one jury." *Id.* at *1 n.1.

[2] Petitioner has completely served his sentences for the breaking and entering and assault and battery convictions and is no longer in custody pursuant to those convictions.

384 U.S. 436 (1966); (3) the seizure of evidence violated Michigan Court Rule 3.606(A)(2); (4) the prosecution engaged in misconduct by "denigrating the defense and relying on inadmissible testimony," *id.* at *9; and (5) Detective Sergeant Willoughby provided improper lay opinion testimony. *Id.* at *3–11. On September 29, 2022, the court of appeals affirmed Petitioner's convictions and sentences. *Id.* at *1. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on May 2, 2023. *See People v. Turner*, 988 N.W.2d 759 (Mich. 2023).

On April 12, 2024, Petitioner filed his federal habeas corpus petition, raising the following grounds for relief:

  I. Was Petitioner's due process rights guaranteed by [the Fourteenth Amendment and] Mich. Const. 1963, Art. 1, § 17, violated? The 67th, 5th District Court of Genesee County failed to comply with the mandatory initiation procedures governed by MCR 3.606(A). The procedure requires [] an affidavit of facts, laying the foundation for the contempt proceedings. No affidavits were submitted to support the ex parte motion.

  II. Did the 67th, 5th District Court of Genesee County have jurisdiction over the subject matter of the contempt proceedings? The 67th, 5th District Court of Genesee County failed to comply with the mandatory initiation procedures governed by MCR 3.606(A). The procedure requires that an affidavit of facts be presented to support the ex parte motion, it is the affidavit that confers jurisdiction. No affidavits were submitted to support the ex parte motion.

  III. Did the 67th, 5th District Court of Genesee County obtain in person[a]m jurisdiction over the person of the Petitioner? The 67th, 5th District Court of Genesee County failed to comply with the mandatory initiation procedures governed by MCR 3.606(A). The procedure requires that an affidavit of facts be presented to support the ex parte motion, it is the affidavit that confers jurisdiction. No affidavits were submitted to support the ex parte motion.

  IV. Was Petitioner's right to effectively represent himself at trial, guaranteed by [the Sixth and Fourteenth Amendments], violated? Petitioner elected to represent himself at trial, however, Petitioner was improperly restrained throughout his trial without any showing of manifest necessity.

  V. Was the Petitioner's right to due process guaranteed by [the Fourteenth Amendment and] Mich. Const. 1963, Art. 1, § 17, violated? Petitioner was unjustly deprived of his personal liberty without due process of law when

        his person was arrested pursuant to the bench warrant issued in violation of the initiation procedures of MCR 3.606(A). The procedure requires that an affidavit of facts be presented to support the ex parte motion. It is the affidavit that lays the foundation and confers jurisdiction over the contempt proceedings and over the person of the contemptor. No affidavits were submitted to support the ex parte motion.

VI.    Was the Petitioner's right to be free from unreasonable searches and seizures guaranteed by [the Fourth Amendment and] Mich. Const. 1963, Art. 1, § 11, violated? The person of the petitioner was seized pursuant to the bench warrant issued in violation of the initiation procedures of MCR 3.606(A). The procedure requires that an affidavit of facts be presented to support the ex parte motion. The Fourth Amendment requires that information be presented to a neutral and detached magistrate so that they may make an independent determination that probable cause exists to issue a warrant. The initiation procedures of MCR 3.606(A) require[] that the information be presented to the magistrate for them to make an independent determination that probable cause exists to issue a bench warrant[] must be in the form of an affidavit. No affidavits were submitted to support the ex parte motion.

VII.    Was the Petitioner's right to effective assistance of counsel guaranteed by [the Sixth Amendment and] Mich. Const. 1963, Art. 1, § 20, violated? Three (3) different attorneys, appointed by the Court, did decline to investigate and challenge the 67th, 5th District Court's authority over the contempt proceedings and the person of the Petitioner, on three (3) different occasions. There is much that happens in a criminal case apart from the actual trial. An effective advocate must understand criminal investigations and how to develop strategies to present matters from reaching the ultimate factfinder. Furthermore, it is important for the practitioner to understand that the criminal justice process includes events that occur pre-arrest.

VIII.    Was Petitioner's right to confront and cross-examine witnesses against him guaranteed by [the Sixth Amendment and] Mich. Const. 1963, Art. 1, § 20, violated? The prosecution failed to present Harold Rapley at any stage of the prosecution, upon their same accusation against the Petitioner. Mr. Rapley made impeachable statements to the investigating detectives that led to the discovery of evidence that was used in an incriminating way against the Petitioner at trial. The Petitioner was never afforded an opportunity to confront and cross-examine Mr. Rapley, [either by] himself or through counsel.

IX.    Was the Petitioner's right to the effective assistance of appellate counsel guaranteed by [the Sixth Amendment and] Mich. Const. 1963, Art. 1, § 20, violated? Appellate counsel failed to investigate and challenge trial counsel's failure to investigate and challenge the 67th, 5th District Court's jurisdiction over the contempt proceedings and the person of the Petitioner.

(Pet., ECF No. 1, PageID.5–15.) Petitioner acknowledges that he has not raised any of these grounds for relief in state court proceedings. Instead, he states that he intends to raise them in a motion for relief from judgment pursuant to Michigan Court Rule 6.500. He has filed a motion requesting that the Court stay these proceedings and hold them in abeyance while he returns to state court to exhaust these grounds for relief in his Rule 6.500 motion. (ECF No. 3.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that his claims are unexhausted. Indeed, Petitioner indicates that he intends to file a Rule 6.500 motion raising these claims and has moved the Court to enter an order staying these proceedings and holding them in abeyance as contemplated in *Rhines v. Weber*, 544 U.S. 269, 277 (2007). (ECF No. 3.) The special remedy set forth in *Rhines* became necessary because the habeas statute was amended to impose a one-year statute of limitations on

habeas claims, *see* 28 U.S.C. § 2244(d)(1). Thus, dismissal without prejudice might effectively preclude future federal habeas review. This result was rendered more likely after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to such petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition that contains unexhausted claims could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines*, 544 U.S. at 277 (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Michigan Supreme Court denied Petitioner's application for leave to appeal by order entered on May 2, 2023. *See People v. Turner*, 988 N.W.2d 759 (Mich. 2023). Petitioner did not petition the United States Supreme Court for certiorari; however, the 90-day period in which Petitioner could have sought such review is counted under 28 U.S.C. § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 230 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on July 31, 2023. Thus, absent tolling, Petitioner would have one year, until July 31, 2024, in which to file his habeas petition. Petitioner filed the instant petition on April 8, 2024, the date on which he certifies he placed it in the prison mailing system for mailing to this Court. (Pet., ECF No. 1, PageID.13); *see Cook v. Stegall*, 295 F.3d 517,

521 (6th Cir. 2002) (noting that a habeas petition is deemed filed when provided to prison authorities for mailing to the federal court).

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Here, Petitioner indicates that he intends to file a motion for relief from judgment pursuant to Rule 6.500 in the trial court. So long as Petitioner does so before July 31, 2024, and so long as proceedings on any Rule 6.500 motion filed by Petitioner remain pending, the time will not count against him. However, the statute of limitations will begin to run again once the Michigan Supreme Court rules on any application for leave to appeal Petitioner may file regarding any Rule 6.500 motion.

Based on the procedural history set forth above, Petitioner's period of limitation began to run on July 31, 2023, and continues to run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than 60 days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of

limitations. Therefore, a stay of these proceedings is not warranted, and the Court will deny Petitioner's motion (ECF No. 3) for that relief. Instead, the Court will simply dismiss the petition for failure to exhaust available state court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a

8

constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition without prejudice for failure to exhaust state court remedies, denying Petitioner's motion (ECF No. 3) to stay this action and hold it in abeyance, and denying a certificate of appealability.

Dated:   April 23, 2024  /s/ Paul L. Maloney
   Paul L. Maloney
   United States District Judge